IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

QUEEN ESTHER JACKSON,

    Plaintiff,

v.

POSTMASTER GENERAL JOHN E. POTTER,

    Defendant
                                                /

No. C 03-2908 MMC

**ORDER DENYING PLAINTIFF'S MOTION TO ENLARGE TIME TO REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTION; DIRECTING DEFENDANT TO FILE MOTION TO ENFORCE SETTLEMENT; SETTING BRIEFING SCHEDULE**

       On October 14, 2004, the Court, having been advised by Magistrate Judge Maria Elena James that the parties had agreed to a settlement of the above-titled action, dismissed the action without prejudice, and provided that if any party, within 90 days of the date of the dismissal, certified that the agreed consideration had not been delivered, the matter would be restored to the calendar to be set for trial. By order filed January 21, 2005, the Court extended to April 22, 2005 the deadline for either party to submit a certification that the agreed consideration has not been delivered.

       On April 22, 2005, plaintiff filed an objection, by which she appeared to seek to restore the above-titled action to the calendar, but did not clearly indicate therein whether or not she had received the agreed-upon consideration. By order filed April 25, 2005, the Court ordered defendant to file, no later than May 13, 2005, a response to plaintiff's

objection, and ordered plaintiff to file, no later than May 27, 2005, any reply to defendant's response.

On May 3, 2005, defendant filed a response to plaintiff's objection, indicating therein that the parties had settled the matter on October 13, 2004 at a settlement conference, that defendant subsequently sent plaintiff a written settlement agreement and release incorporating the terms of the agreement as understood by defendant, that plaintiff refused to sign the settlement agreement and release, and that defendant has not yet paid plaintiff the agreed-upon consideration in light of plaintiff's failure to sign the settlement agreement and release.  Defendant also states it will seek to enforce the parties' settlement agreement after defendant is in receipt of a transcript of the settlement conference conducted October 13, 2004.

On May 25, 2005, plaintiff filed a request seeking an additional 60 days to file a reply to defendant's response to plaintiff's objection.  Plaintiff states that she needs additional time to obtain evidence in support of the merits of her claim against defendant.  Because the merits of plaintiff's claim are not presently before the Court, there is no basis to afford plaintiff the continuance sought, and the request is hereby DENIED.  Further, defendant has conceded that defendant has not delivered to plaintiff any consideration and, as a consequence, there is no longer any dispute as to that issue.  Rather, the relevant inquiry at this stage of the proceedings is whether the parties, in fact, reached a settlement and, if so, the terms thereof.  Resolution of those disputed issues appears dependent on the production of a transcript of the settlement conference conducted on October 13, 2004.

Under the circumstances, the Court hereby ORDERS defendant to file his motion to enforce the alleged settlement, such motion being supported, at a minimum, by a copy of the transcript of the settlement conference conducted October 13, 2004.  In that regard, the Court sets the following briefing schedule and hearing date:

1. Defendant, no later than July 1, 2005, shall file and serve on plaintiff a motion to enforce the settlement.

2. Plaintiff, no later than July 15, 2005, shall file and serve on defendant any

opposition to the motion to enforce the settlement.

3. Defendant, no later than July 22, 2005, shall file and serve on plaintiff a reply to plaintiff's opposition.

4. Unless the parties are advised that the matter will be decided on the parties' respective submissions, a hearing on the motion to enforce the settlement will be conducted on August 5, 2005, at 9:00 a.m., in Courtroom 7.

**IT IS SO ORDERED.**


Dated: June 1, 2005                          /s/ Maxine M. Chesney
                                             MAXINE M. CHESNEY
                                             United States District Judge