IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUEEN ESTHER JACKSON,<br><br>    Plaintiff,<br><br>  v.<br><br>POSTMASTER GENERAL JOHN E. POTTER,<br><br>    Defendant                    / | No. C 03-2908 MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO ENFORCE SETTLEMENT; VACATING HEARING** |

     Before the Court is defendant's Motion to Enforce Settlement. Plaintiff, proceeding pro se, has filed opposition, to which defendant has replied. Having considered the papers filed in support of and in opposition to the motion, the Court finds the matter suitable for decision on the papers, VACATES the hearing scheduled for August 5, 2005, and rules as follows.

     On October 13, 2004, the parties attended a settlement conference conducted by Magistrate Judge Maria Elena James, at which time the parties reached a settlement and placed the terms thereof on the record. (See Rutter Decl., filed June 22, 2005, Ex. A.) On October 14, 2004, counsel for defendant sent a writing memorializing the terms of the settlement agreement as understood by defendant. (See id. Ex. B.) Plaintiff thereafter refused to execute the agreement. (See id. ¶ 7.)

1    The material terms of the parties' settlement, as placed on the record at the
2 settlement conference, are that plaintiff will dismiss her claims against defendant in
3 exchange for a payment of $500, plus plaintiff's eligibility for retirement, with credit for 35
4 years, 1 month, and 9 days of service ("35 years"), and without the need for plaintiff to
5 make further deposits into her retirement account to obtain such credit.
6    Plaintiff, in opposing defendant's motion to enforce the settlement, does not argue
7 that the parties failed to reach a settlement.  Rather, plaintiff argues that defendant has not,
8 contrary to its statements at the settlement conference and in the proposed written
9 settlement agreement, taken any steps to provide plaintiff with credit for 35 years of
10 service, for purposes of calculating retirement benefits.  Defendant, however, is obligated to
11 take such steps under the terms of the agreement.  The fact that defendant has apparently
12 not, as of yet, taken steps to provide plaintiff with the promised consideration is a result of
13 plaintiff's failure to execute the settlement agreement.  Indeed, defendant, in his reply,
14 again confirms that under the terms of the agreement, defendant is obligated to credit
15 plaintiff with 35 years of service.  (See Def.'s Reply, filed July 21, 2005, at 1:21-22.)
16   Plaintiff also points out that the proposed written settlement agreement defendant
17 provided to her does not expressly state that plaintiff is not responsible for making further
18 deposits into her retirement account in order to receive credit for 35 years of service.
19 Although such term is, arguably, implicit in the proposed written settlement agreement, the
20 Court will direct defendant to modify the terms of the proposed written settlement
21 agreement to include an express provision that plaintiff is not required to deposit additional
22 monies into her retirement account in order to obtain credit for 35 years of service, such
23 term having been expressly agreed to by defendant on the record at the settlement
24 conference.[1]
25   In sum, the parties agree that they reached a settlement under which plaintiff is

---

[1]Other than plaintiff's concern about an express provision to indicate she need not make additional deposits into her retirement account to obtain credit for 35 years of service, plaintiff points to no language in the proposed written settlement agreement that is not in accordance with the parties' settlement.

obligated to dismiss her claims against defendant, and defendant is obligated to pay plaintiff $500 and allow plaintiff to retire with credit for 35 years of service, and without the need for plaintiff to make additional deposits into her retirement account in order to obtain such credit.  Under the circumstances, there is no basis to refuse to enforce the agreement, and, accordingly, defendant's motion to enforce the agreement will be granted.

## CONCLUSION

For the reasons stated above, defendant's motion to enforce the parties' settlement agreement is hereby GRANTED.  Defendant shall, no later than August 5, 2005, submit for the Court's signature, a proposed Order of Compromise Settlement that shall include the terms set forth in the Stipulation and Order of Compromise Settlement previously sent to plaintiff as well as the additional term that plaintiff is not required to deposit additional monies into her retirement account in order to obtain credit for 35 years of service.

**IT IS SO ORDERED.**

Dated: July 25, 2005

/s/ Maxine M. Chesney
MAXINE M. CHESNEY
United States District Judge