United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

QUEEN ESTHER JACKSON,

    Plaintiff,

  v.

POSTMASTER GENERAL JOHN E. POTTER,

    Defendant
                                      /

No. C 03-2908 MMC

**ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE ORDER; GRANTING MOTION TO CLARIFY**

      Before the Court is plaintiff Queen Esther Jackson's "Proposed Order Plaintiffs Opposition to Compromise Settlement, to be Signed by Judge Chesney," filed August 4, 2005, and which the Court, by order filed August 17, 2005, has construed as a motion to set aside the Court's Order Granting Defendant's Motion to Enforce Settlement. Also before the Court is plaintiff's motion, filed August 4, 2005, by which plaintiff requests clarification of the Court's Order Granting Defendant's Motion to Enforce Settlement. Defendant Postmaster General John E. Potter has filed a response to plaintiff's motions, to which plaintiff has replied.[1] Having considered the papers filed by the parties, the Court rules as follows.

---

[1] On September 8, 2005, plaintiff filed a document titled "Motion in Response to Court Order Negligent Infliction of Emotional Distress," and, on September 9, 2005, a document titled "Motion of Ms. Queen Esther Jackson in Response to Court Order to Set Aside Settlement Conference of October 13, 2004 and Plaintiff Pleas for New Hearing." The Court has construed these two documents to be plaintiffs' replies in support of her motions.

**A. Motion to Set Aside Order Granting Defendant's Motion to Enforce Settlement**

By order filed July 25, 2005, the Court granted defendant's motion to enforce a settlement agreement, finding a settlement had been reached at a conference conducted on October 13, 2004 by Magistrate Judge Maria Elena James. Plaintiff now seeks to set aside the Court's order on the ground that plaintiff did not agree to settle her claims.

In her opposition to defendant's motion to enforce the settlement agreement, plaintiff argued that the proposed written settlement agreement offered by defendant did not comport with the terms of the parties' oral agreement. (See, e.g., Pl.'s Opp. to Def.'s Mot. to Enforce Settlement, filed July 15, 2005, at 3:8-9 ("The settlement agreement that [d]efendant wanted [p]laintiff to sign does not reflect the facts and understanding that Judge Maria Elena James set forth in the settlement conference on October 13, 2004.").) The argument that plaintiff now makes, specifically, that she did not agree to settle her claims at all, is an entirely different argument. Plaintiff's new argument is not based on "newly discovered evidence which by due diligence could not have been discovered" as of July 15, 2005, and thus is not a sufficient ground for reconsideration. See Fed. R. Civ. P. 60(b)(2).

Accordingly, plaintiff's motion to set aside the Court's order will be denied.

**B. Motion for Clarification**

Plaintiff requests, in two respects, clarification of the Court's order enforcing the settlement. The Court will grant the motion, and, accordingly, provides the following clarification.

**1. Crediting Plaintiff for 35 Years of Service**

First, plaintiff asks, "Does the Order Granting Defendant's Motion to Enforce Settlement require the Defendant to deposit $14,941 into Plaintiff's retirement account with the Office of Personnel Management, in order for Plaintiff to be credited for 35 years of service?" (See Pl.'s Mot. Requesting Clarification at 1:34-37.)

Although the Court's order enforcing the parties' agreement does not expressly reference defendant's obligation with respect to the deposit of additional sums, the order does set forth the parties' agreement that plaintiff is eligible to retire "with credit for 35

years, 1 month, and 9 days of service ('35 years'), and without the need for plaintiff to make further deposits into her retirement account to obtain such credit." (See Order Granting Def's Mot. to Enforce Settlement at 2:3-5.)  Similarly, the Order of Compromise Settlement provides:  "Plaintiff is not required to deposit additional monies into her retirement account in order to obtain credit for 35 years of service." (See Order of Compromise Settlement, filed August 2, 2005, ¶ 3.)

Defendant's response to plaintiff's motion for clarification relies on the declaration of Marietta Harris ("Harris"), who hypothesizes that plaintiff may be required to redeposit withdrawn sums in the amount of $14,941 into her retirement account in order to receive credit for 35 years of service.  (See Harris Decl., filed August 25, 2005, ¶ 5.)  Defendant's interpretation of the parties' agreement is unpersuasive.  Indeed, Harris, the declarant on which defendant relies, was present at the settlement conference and, along with counsel for defendant, placed the terms of the parties' agreement on the record, including the term that plaintiff is not required to make any additional payments into her retirement account in order to obtain credit for 35 years of service, and, in particular, the sum of $14,941.  (See Rutter Decl., filed June 22, 2005, Ex. A at 3-4.)

To answer plaintiff's question directly, the Court clarifies that its order does not dictate the precise step or steps defendant must take in order to afford plaintiff credit for 35 years of service.  If defendant is able to accomplish such result in some manner other than by making payments into plaintiff's account, defendant is entitled to do so.  Defendant, however, is not allowed, under the express terms of the parties' agreement, to require plaintiff to make additional deposits.

**2. Worker's Compensation Benefits**

Second, plaintiff asks the Court to find that "[t]he order does not require Plaintiff to waive Plaintiff's rights to continue to receive Worker's Compensation Benefits." (See Pl.'s Mot. Requesting Clarification at 1:41-42.)

Both parties represent that, at the present time, plaintiff is receiving workers compensation benefits for a job-related injury.  Nothing in the Court's order enforcing the

parties' agreement requires that plaintiff "waive" such benefits in order to receive the consideration promised by defendant. Rather, the parties' agreement is that plaintiff is "entitle[d] to retire" with "35 years of service," (see Order of Compromise Settlement ¶ 2); no specific deadline by which plaintiff is required to retire is included in the parties' agreement.

## CONCLUSION

For the reasons stated:

1. Plaintiff's motion to set aside the Court's order enforcing the parties' agreement is hereby DENIED; and

2. Plaintiff's motion for clarification is hereby GRANTED, and clarification is provided as above.

**IT IS SO ORDERED.**

Dated: September 20, 2005

MAXINE M. CHESNEY
United States District Judge