IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

QUEEN ESTHER JACKSON,           No. C 03-2908 MMC

    Plaintiff,                     **ORDER DENYING PLAINTIFF'S REQUEST FOR A HEARING**

  v.

POSTMASTER GENERAL JOHN E. POTTER,

    Defendant
_____/

        The Court is in receipt of a document, filed September 20, 2006 by plaintiff Queen Esther Jackson and titled "Plaintiff's Plead to the Court for a Hearing Toward Defendant's Contempt of Court Order Filed September 20th 2005." By said document, plaintiff asserts defendant is in breach of his obligations under the Order of Settlement Compromise, filed August 2, 2005, and clarified in the Court's order of September 20, 2005.

        The precise nature of the asserted breach to which plaintiff is referring is unclear. In any event, the Order of Compromise Settlement provides that "[i]n the event of an alleged breach of [the parties'] agreement, the parties agree to meet and confer in good faith efforts to reach resolution prior to initiating any legal action." (See id.) In other words, if plaintiff is of the view that defendant is in breach of his obligations under the parties' settlement agreement, plaintiff must first meet with defendant's counsel for the purpose of resolving

the matter.  Only if those efforts are unsuccessful in resolving the dispute may plaintiff seek relief from the Court.[1]

Accordingly, plaintiff's request for a hearing in the above-titled matter is hereby DENIED without prejudice.

**IT IS SO ORDERED.**

Dated: November 6, 2006

MAXINE M. CHESNEY
United States District Judge

---

[1] According to plaintiff's motion, plaintiff has had unsatisfactory dealings with certain of defendant's employees.  Although plaintiff indicates she served the instant motion on defendant's counsel, plaintiff does not indicate that, prior to seeking relief from the Court, she met and conferred with defendant's counsel in an attempt to resolve any issues that have arisen concerning implementation of the parties' agreement.  If, after meeting with defendant's counsel, plaintiff is still of the view that Court intervention is required, plaintiff must, in addition to clearly identifying the nature of any asserted breach, set forth the steps she has taken to meet and confer with defendant's counsel, and indicate why the result of such meeting was unsatisfactory.